IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLAN WATTS                                    PLAINTIFF

v.                         Civil No. 2:25-CV-02109-TLB

UNITED STATES COURTS and                           DEFENDANTS
PARTIES OTHER THAN THE
UNITED STATES COURTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3) and Motion Introducing Proposed Order and Informal Technical Document (ECF No. 4). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen all Complaints in which a Plaintiff seeks to proceed IFP prior to service.

### I.     BACKGROUND

Plaintiff, Edward Allan Watts, filed his Complaint on September 16, 2025,[1] alleging claims arising under 18 USC §§ 1341 (Mail Fraud), 1963 (Criminal Penalties), and 1964 (Civil Remedies) and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (recognizing a cause of action for damages against federal officers violating constitutional rights while acting under federal authority). (ECF No. 2). Plaintiff contends he is being held "without due process" by government personnel and

---

[1] The Court notes that the Plaintiff filed the exact same cause of action in *Watts v. Administrative Offices of the U.S. Courts, et al.*, Civil No. 2:25-CV-02108-TLB (W.D. Ark. Sept. 16, 2016). Dismissal has been recommended in said case for the same reasons contained herein.

1

victimized by racketeering comprised of three unlawful letters, several breaches of contract, and fraud upon the court. (*Id*. at p. 6). He alleges that "an informal organization" is committing financial crimes at crucial moments to cause him "amplified damage." (*Id*.).

Plaintiff's Complaint is difficult to decipher because the allegations are sparse, unconnected, and conclusory. As such, the undersigned distills the allegations as best he can. Plaintiff's claims arise from an agreement to rent living space that he and Lindsey Lopez, a non-party, had entered into with Sydney Ann Watts on September 1, 2010, for a residence located at 6001 Bolton Road, until such time as Ms. Lopez could obtain her bachelor's degree. (ECF No. 2, p. 7.). Without further explanation, he alleges "[t]he United States of America entered into the contract knowing by diligence Sydney and Sydney's two older children had been taking advantage of Plaintiff's medical vulnerability," namely the fact that he had the "developmental level of a drunken eleven-year-old." (*Id*.). Following their eviction by Fort Smith police officers in January 2014, the Sebastian County Prosecuting Attorney issued the first "unlawful letter," on February 11, 2014, ordering him "into silence" about the events that occurred on January 9, 2014, interfering with the rental contract, and affecting his right to inherit said property. (*Id*.).

Thereafter, Plaintiff claims to have been the victim of "several crimes of violence" "surrounding" the University of Arkansas - Fort Smith (the "University") for which he was given "amnesty/whistleblower protection" by the University. (ECF No. 3, pp. 7-8). However, the University then purportedly committed unspecified breaches of contract and financial crimes costing him approximately $175,000.00. (*Id*. at 8). Acting in concert with the Sebastian County Prosecuting Attorney, Plaintiff maintains that the University issued the second "unlawful letter" on May 15, 2017, pressing "charges its signatory knew were false," banning him from its premises, and preventing him from participating in Fort Smith city government. (*Id*.). As a result, he must

2

pay money to "remove defamation" and "honor his right to a speedy trial." (*Id.*). Plaintiff insists that this letter binds the University, the Department of Justice, and the Administrative Office of the United States Courts into a nexus which "can be sued until relieved." (*Id.*).

On December 15, 2017, Plaintiff states that the Sebastian County Prosecuting Attorney and the City of Fort Smith signed a contract to investigate the crimes against him. (ECF No. 2, p. 8). He claims the officers assigned to the investigation were involved in the crimes themselves and, therefore, should not have been assigned to the case. Accordingly, the Plaintiff asserts that the parties never intended to honor the contract. (*Id.*).

In January and May 2019, after an official made it clear the contract was being breached, Plaintiff filed cases in federal court, at which time he alleged to have fallen victim to fraud upon the court by the United States Courts.[2] (ECF No. 2, p. 9). Plaintiff contends these cases were assigned "non-random" case numbers and that the Order dismissing his second claim contains "wildly incorrect statements arranged to form an intentional mischaracterization" of his Complaint. (*Id.*). As such, he appealed the case but was assigned yet another non-random case number on appeal. (*Id.*). Thereafter, Plaintiff avers that "parties physically interfered" with his "filing timely in the Supreme Court." (*Id.*). Within one year of this alleged "corrupted process," Plaintiff insists the United States Court of Appeals for the Eighth Circuit and the United States Department of Justice committed "negligence and fraud furthering fraud upon the court and the still ongoing acts which began prior to fraud upon the court." (*Id.*).

---

[2] The undersigned notes that the Plaintiff has filed several prior cases with this court to include *Watts, et al., v. Watts, et al.*, 2:19-cv-02010-PKH (W.D. Ark. Jan. 14, 2019); *Watts, et. al. v. Watts, et al.*, 2:19-cv-02066-TLB (W.D. Ark. May 23, 2019); *Watts, et al., v. U.S. Dept. of Justice, et al.*, 2:22-cv-02081-PKH (W.D. Ark. May 13, 2022). Each case was dismissed prior to service for failure to state a cognizable claim.

On December 15, 2020, the Administrative Office of the United States Courts entered a third "unlawful letter," dishonestly stating that his tort claims were undated to disguise the fact that the United States of America was time barred from responding to his claim. (ECF No. 2, p. 9). He maintains that this letter "shows negligence on its face and clear fraud discoverable upon investigation." (*Id.*).

The Plaintiff filed a Complaint against this letter on June 9, 2021, but said claim was dismissed by "judges lacking jurisdiction" based on a mischaracterization of his claims and denying him an honest adjudication. (ECF No. 2, p. 10). Over the last five years, Plaintiff further asserts that "judge's signatures have appeared at least twice on fraudulent decisions delivered through the United States Postal Service as elements in this complex pattern of interstate financial crimes causing punishment under color of law" and depriving him of due process. (*Id.*).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

#### A.    Claims Brought Pursuant to Federal Criminal Statutes

Plaintiff brings this action alleging violations of mail fraud pursuant to 18 U.S.C. § 1341 regarding three letters he received from the Sebastian County Prosecuting Attorney, the University of Arkansas - Fort Smith, and the Administrative Offices of the United States Courts. As a private citizen, however, he has no authority to initiate a federal criminal prosecution. *See, e.g.*, *Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action.). By its plain language, 18 U.S.C.A. §1341 is a criminal statute that does not permit a private cause of action. *See Thompson v. Thompson*, 484 U.S. 174, 179, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988) (holding that a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere); *Gibson v. Devos*, 2020 WL 8270522, at *2 (W.D. Mo. May 1, 2020) (18 U.S.C. § 1341 provides for imprisonment or a fine for frauds and swindles, not a private cause of action). Accordingly, Plaintiff's 18 U.S.C. § 1341 claim should be dismissed as legally frivolous.

**B.     Claims Brought Pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO)**

Additionally, Plaintiff claims that the University of Arkansas - Fort Smith, the Department of Justice, the United States Courts, and the Administrative Office of the United States Courts engaged in racketeering patterns and practices in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Section 1964 of the RICO Act permits a civil remedy for "any person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C.A. § 1964(c). The predominant elements in a substantive RICO violation are: (1) conduct, (2) of an enterprise, (3) through a pattern of racketeering activity. *Salinas v. U.S.*, 522 U.S. 52, 62 (1997).

The statute does not specifically define the outer boundaries of the "enterprise" concept but states that the term "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C.A. § 1961(4). In other words, a group of persons or entities associated together for a common purpose of engaging in a course of conduct, namely racketeering activity. *Boyle v. U.S.*, 556 U.S. 938, 945 (2009) (citing *U.S. v. Turkette, Jr.*, 452 U.S. 576, 583 (1981)). "Racketeering activity includes a host of so-called predicate acts, including those indictable under 18 U.S.C. section 1341 (relating to mail fraud)." *Stonebridge Collection, Inc. v. Carmichael*, 791 F.3d 811, 822 (8th Cir. 2015) (internal quotations and citations omitted).

Aside from conclusory statements and bare allegations of a conspiracy, Plaintiff's allegations do not make out a civil RICO claim. *See Du Bois v. Bd. of Regents of U. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) ("conclusory allegations and threadbare recitals of the elements of a cause of action" cannot state a plausible claim) (cleaned up); *Northwest Title and Escrow Corp. v. Edina Realty, Inc.*, Civ. No. 3-93-436, 1993 WL 593995, *1 (D. Minn. Dec. 11,

1993) (general allegations of conspiracy, without a statement of the facts constituting the conspiracy, its objects, and accomplishment are inadequate to state a cause of action; merely invoking buzz words will not suffice); *Martin*, 780 F.2d at 1337 (even a *pro se* plaintiff must still allege specific facts sufficient to support a claim).  While it may be true that he received the three letters mentioned in his Complaint, there is no evidence to show that these actions were in any way related and inflicted a racketeering injury.  Therefore, his RICO claim should also be dismissed.

Additionally, the statute of limitations for a RICO claim is four years.  *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006).  Thus, any civil RICO accusation based on the "three unlawful letters," the last being dated December 15, 2020, is barred by the statute of limitations after December 15, 2024.

        **C.**     **Fraud on the Court**

Next, the Plaintiff appears to charge members of the judiciary with fraud on the courts for mischaracterizing and dismissing his prior claims, as well as preventing him from appealing those claims.  Fraud on the court is fraud which is directed to the judicial machinery itself.  *Bulloch v. U.S.*, 763 F.3d 1115, 1121 (10th Cir. 1985).  It is fraud "where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted." (*Id.*).

Aside from mere assertions, we can find no factual evidence to support this claim.  To the extent he seeks to hold judges liable for their rulings, judges are entitled to immunity for judicial functions they perform and actions they take while properly presiding over cases.  *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action

he had jurisdiction over the subject matter before him."). Judicial immunity is absolute and not overcome by allegations of bad faith or malice. *Harlow v. Fitzgerald,* 457 U.S. 800, 815–819, 102 S.Ct. 2727, 2736–2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity). Therefore, the Plaintiff's fraud on the court claim must also fail.

E. *Bivens* **Claim**

Lastly, Plaintiff attempts to assert a *Bivens* claim against the defendants in their official capacity. In 1971, the United States Supreme Court recognized an implied cause of action for constitutional violations perpetrated by federal actors, much like the 42 USC § 1983 protection from state actors. *Bivens*, 403 U.S. at 397. In the years following that decision, the Supreme Court dialed back extension of the doctrine, refusing to extend it to situations where there is reason to think that Congress might be better equipped to create a damages remedy. *See Ziglar v. Abbasi*, 582 U.S. 120, 127-128 (2017); *Hernandez v. Mesa*, 589 U.S. 93, 100 (2020); and *Egbert v. Boule*, 596 U.S. 482, 483 (2022). Although the doctrine has not been completely overruled, these rulings leave its future in question. There is, however, no *Bivens* action against federal employees in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). To establish a *Bivens* claim against an official in his individual capacity, the plaintiff "must ferret out the officials directly responsible for the alleged constitutional violation." *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982).

It is not clear from the Plaintiff's Complaint who the alleged federal actors are or the constitutional rights they violated. To the extent he seeks to hold judges liable for dismissing his complaints and allegedly preventing him from perfecting his appeal, as previously stated, judges enjoy absolute immunity. *See Schottel v. Young*, 687 F.3d, 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Similarly, immunity has been extended to employees

of the court for "acts that are discretionary, taken at the direction of the judge, or taken according to rules." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 929 (8th Cir. 2020). As such, Plaintiff's *Bivens* claim should also be dismissed.

### F. Motion Introducing Proposed Order and Informal Technical Document

On September 16, 2025, Plaintiff also filed a Motion Introducing Proposed Order and Informal Technical Document detailing how he would use any monies awarded by this Court. (ECF No. 4). Because we have determined that his Complaint fails to state a claim upon which relief can be granted, we also recommend that this Motion be dismissed as Moot.

### IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE. It is further RECOMMENDED that Plaintiffs' Motions to Proceed IFP and Motion Introducing Proposed Order and Information for Technical Document be DISMISSED as MOOT. Finally, it is RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE